UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH D'AMICO | : | |
| VS. | : | CIVIL ACTION NO. |
| PETER MENDELSON | : | DECEMBER 28, 2009 |

**C O M P L A I N T**

1.  This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2.  Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3.  The plaintiff is an adult female citizen of the United States who resides in West Suffield Connecticut.  She was born on March 22, 1958.

4.  The plaintiff has been employed by the State of Connecticut since May 1998 and has been employed by the Connecticut Department of Children and Families since 2004.

5.  The plaintiff is a Licensed Clinical Social Worker and holds a Ph.D. in

1

Social Work.  She is the first person who ever received a Ph.D. in Social Work

from the University of Connecticut.

     6.  At the times mentioned herein, the plaintiff was the Director of Special

Development and Therapeutic Group Homes for the Department of Children and

Families.

     7.  The plaintiff's job evaluations always were satisfactory or better.

     8.  The defendant is, and at the times mentioned herein was, the Director

of Behavioral Health, Medicine and Education of the aforesaid Connecticut

Department of Children and Families and, as such, was the plaintiff's supervisor.

He is sued only in his individual capacity.

     9.  During all times mentioned in this Complaint, the defendant was acting

under color of law, that is, under color of the constitution, statutes, laws, rules,

regulations, customs and usages of the State of Connecticut.

     10.  In late December 2007, the plaintiff applied for promotion to the

position of Division Director of Community Mental Health Services with the

Department of Children and Families when the opening for that position was

announced.

     11.  The plaintiff was the best qualified applicant for that position.

     12.  The position would have been a promotion for the plaintiff and would

have carried a larger salary than she was receiving at that time.

13.  On May 9, 2008, the defendant awarded the position to Linda Monaco-Dixon, Ph.D., a woman who was under the age of 40.

14.  Dr. Monaco-Dixon was less qualified for the position than the plaintiff.

15.  The defendant has a history of favoring women under the age of 40 and giving them preference over older women and over males.

16.  The defendant refused to promote the plaintiff to the position for which she was best qualified because of her age.

17.  On May 15, 2008, the plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities asserting that the defendant had denied her the aforesaid promotion because of her age.

18.  On May 28, 2008, the defendant transferred the plaintiff over her objection from her aforesaid position to a position in the Bureau of Child Welfare. Although the position to which the defendant involuntarily transferred the plaintiff carried the same pay grade, it was a less desirable position for the plaintiff.  Her said involuntary transfer was intended to punish her for complaining about the defendant's aforesaid discriminatory denial of the plaintiff's application for a promotion.

19.  As a result of the defendant's aforesaid actions, the plaintiff suffered and continues to suffer economic losses and severe emotional distress.

20.  In the manner described above, the defendant has discriminated

against the plaintiff because she is a woman over the age of forty, in violation of

the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution.

21.  The defendant's actions described above were extreme and

outrageous and were carried out with knowledge that they probably would cause

the plaintiff to suffer emotional distress.

WHEREFORE, the plaintiff claims judgment against the defendant for

compensatory damages, punitive damages, attorney fees and costs.


THE PLAINTIFF


BY:_____/s/_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203.562.9931
        Fax:  203.776.9494
        jrw@johnrwilliams.com
        Her Attorney